UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

TAJI HASAN,

                        Plaintiff,

            - against -

THE CITY OF NEW YORK, ARMANDO
ERAZO and "JOHN" CALHOUN, the first
name being fictitious and presently
unknown, employees of the New York City
Police Department,

                       Defendants.

-----------------------------------------------------------------x

<u>COMPLAINT</u>
07 CV 11467 (VM)(RLE)

Jury Trial Demanded

      Taji Hasan, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint:

<u>Nature of the Action</u>

      1.     This civil rights action arises from the July 31, 2007 unlawful assault on and arrest of Taji Hasan. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

<u>Jurisdiction and Venue</u>

      2.     This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

      3.     Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

## Parties

4. Plaintiff Taji Hasan is a citizen of the United States of America residing in the State and City of New York, County of Kings.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendant ARMANDO ERAZO, Shield 3673 was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to the 83rd Precinct in Brooklyn, New York.

7. Defendant "JOHN" CALHOUN was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to the 83rd Precinct in Brooklyn, New York.

8. At all times relevant defendants ERAZO and CALHOUN (together the "individual defendants"), were acting under color of state law.

9. The individual defendants involved were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

## Notice of Claim

10. On or about August 13, 2007, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

11. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

12. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

13. The New York City Comptroller's Office assigned the case claim number 2007PI022442.

14. The City of New York has neglected and failed to adjust the claims within the statutory time period.

15. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Facts Underlying
Plaintiff's Claims for Relief

16. On July 31, 2007, at or around 2:00 p.m., at and around and in a children's clothing store off of the southwest corner of Stanhope Street and Knickerbocker Avenue in Brooklyn, New York, defendant Erazo accosted, arrested and then assaulted Taji Hasan.

17. Mr. Hasan was lawfully standing outside of the clothing store when defendant Erazo arrested him and brought him into the clothing store. Defendant Erazo then assaulted Mr. Hasan in the presence of defendant Calhoun and the people who were in the store. Defendant Erazo, among other places, purposefully and maliciously struck plaintiff in the left hip causing a painful contusion.

18. The individual defendants caused or allowed Mr. Hasan to be unlawfully arrested and thereafter charged with obstructing governmental administration and disorderly conduct.

19. On August 1, 2007, Mr. Hasan was arraigned under Kings County Criminal Court Docket Number 2007KN057202 and the prosecution was adjourned in contemplation of dismissal.

20. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful assault and arrest of Mr. Hasan.

21. Mr. Hasan suffered emotional upset, fright, trauma and deprivation of his constitutional rights, among other injuries. He suffered humiliation and a loss of dignity in being publicly attacked and arrested by the defendants.

22. Mr. Hasan was treated at Woodhull Medical and Mental Health Center. Mr. Hasan suffered physical injury, including a painful contusion to his left hip.

23. At all times relevant, and in using force on Mr. Hasan and arresting and imprisoning him, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

24. Plaintiff repeats the allegations of paragraphs 1-23 above as though fully stated herein.

25. By the actions described above, the individual defendants deprived Mr. Hasan of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

26. As a consequence thereof, Taji Hasan has been injured.

### SECOND CLAIM FOR RELIEF FOR ASSAULT

27. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

28. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

29. As a consequence thereof, Taji Hasan has been injured.

### THIRD CLAIM FOR RELIEF FOR BATTERY

30. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

31. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

32. As a consequence thereof, Taji Hasan has been injured.

### FOURTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

33. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

34. By the actions described above, the individual defendants deprived Mr. Hasan of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free arrest or search, except on probable cause or pursuant to warrant.

35. As a consequence thereof, Taji Hasan has been injured.

### FIFTH CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

36. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

37. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

38. As a consequence thereof, Taji Hasan has been injured.

### SIXTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
### TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

39. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

40. Defendant Calhoun failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Hasan was subjected, despite having a reasonable opportunity to do so.

41. As a consequence thereof, Taji Hasan has been injured.

### SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE

42. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

43. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully detain, arrest, assault, and make false allegations.

44. The defendant City of New York's failure properly to assign, train, supervise or discipline its Police, including the Police employees involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional detentions, arrests, uses of force, and lodging of false allegations and allowed the individual defendants to believe that they could with impunity arrest, brutalize, and abuse Mr. Hasan.

45. As a consequence thereof, Taji Hasan has been injured.

<u>Request for Relief</u>

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

- (A) Declaratory relief as follows:
    1. A declaration that plaintiff's right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
    2. A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
- (B) Compensatory damages in an amount to be fixed at trial;
- (C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;
- (D) An award to plaintiff of the costs and disbursements herein;
- (E) An award of attorney's fees under 42 U.S.C. §1988; and
- (F) Such other and further relief as this Court may deem just and proper.

Dated:     December 20, 2007
           Brooklyn, New York

_____
Matthew Flamm **MF1309**
 Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117