MATTHEW FLAMM
ATTORNEY AND COUNSELLOR AT LAW
26 COURT STREET, SUITE 600
BROOKLYN, NEW YORK 11242

matthewflamm@msn.com
(718) 797-3117   FAX (718) 522-2026

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/08

By Facsimile Transmission Only

January 17, 2008

The Honorable Victor Marrero
United States District Judge
500 Pearl Street
New York, New York 10007

Re:   Taji Hasan v. City of New York
      07 CV 11467 (VM)(RLE)

Your Honor:

   I represent plaintiff in this §1983 action alleging police misconduct.

   Plaintiff requests that the Court reconsider its January 4, 2008 Order, entered January 7, 2008, which sua sponte transferred this action based on forum non conveniens pursuant to 28 USC §1404(a). Upon reconsideration, this Court should vacate the Order and allow this case to proceed in the Southern District. See Habrout v. City of New York, 143 F.Supp.2d 399 (SDNY 2001)(denying motion to transfer §1983 police misconduct action to the Eastern District); Williams v. City of New York, 2006 WL 399456 at *1 (SDNY 2006)(setting out general factors to be considered; transferring §1983 prisoner rights action to be heard with related action pending in the Eastern District); Schwartz v. Marriott Hotel Services, Inc., 186 F.Supp.2d 245, 248 (EDNY 2002)(general factors to be considered; denying transfer of diversity action to New Jersey).

   Jurisdiction here is based on federal question. 28 USC §1331 and §1343(a)(3). Venue is proper in the Southern District of New York because defendant City of New York resides in that judicial district. 28 USC §1391(b) (non-diversity cases "may ... be brought only in ... a judicial district where any defendant resides, ... ."). As a municipal corporation, defendant City is subject to personal jurisdiction and is deemed to reside in each of the five counties comprising the City. 28 USC §1391(c). Additionally, plaintiff's seventh claim for relief is predicated on employment decisions occurring at One Police Plaza and at the Civilian Complaint Review Board.

   As the Supreme Court has stated, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); Habrout v. City of New York, 143 F.Supp. at 401 (a plaintiff's choice of forum is "significant and will not be

The Honorable Victor Marrero
January 17, 2008
Page 2

disturbed unless the balance of factors weighs heavily in favor of transfer."). Plaintiff made the considered choice of proceeding in the Southern District. A decision to override a plaintiff's initial selection of a proper forum must be established by a "clear and convincing showing" of inconvenience to parties or witnesses. Id. at 401. As noted in Habrout, even "[t]hough the weight accorded to Plaintiff's choice of forum is reduced when the chosen forum is neither where Plaintiff resides nor where the events giving rise to the action occurred, as is the case here Plaintiff's choice of forum nevertheless should not be disturbed unless the balance of factors weighs in favor of a transfer." 143 F.Supp. at 401.

Litigating in the Southern District works no inconvenience on any party or witness. The individual defendants will go to Manhattan for every meeting with their lawyers whether or not the case is tried in Brooklyn or Manhattan. Plaintiff's deposition will be held at 100 Church Street even if the case proceeds in Brooklyn. Defendants' depositions will be held either at the Law Department or at plaintiff's counsel's offices in downtown Brooklyn. Discovery demands and requests will go through 100 Church Street and One Police Plaza without regard to the District. See Habrout v. City of New York, 143 F.Supp. at 401 (rejecting defendants' claim that "being compelled to appear in New York's Southern District Courthouse, which lies just across the East River and just over the Brooklyn Bridge from the Eastern District, inconveniences them to the degree that Plaintiff should be deprived of his choice of forum.") ; Williams v. City of New York, 2006 WL 399456 at *3 (noting in a §1983 prisoners rights action alleging assaults by Correction staff in Brooklyn and Queens that whether venue is in the Eastern or Southern District does not effect convenience of parties or witnesses, availability or cost of process to compel witnesses presence, ease of access to sources of proof, calendar congestion or where the events in issue took place).

Plaintiff respectfully requests that the Court reconsider and vacate its January 4, 2008 Order and allow this case to proceed in the Southern District.

Respectfully submitted,

Matthew Flamm

cc: Barry Myrvold
 Assistant Corporation Counsel
 Attorney for defendant City of New York

> Request DENIED. The Court is not persuaded that arguments above present any new factual matters or authority warranting reconsideration of the Court's Order dated 1-4-08.
>
> SO ORDERED:
> 1-17-08
> DATE    VICTOR MARRERO, U.S.D.J.